ALD-125                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1068
_____

MITCHELL WILLIAMS,
Appellant

v.

MICHAEL CLARK; PAUL ENNIS; EARL JONES; JERI SMOCK; MICHAEL
EDWARDS; DANIEL STROUP; DORINA VARNER; KERRI MOORE; DR. JOSE
BOGGIO; DR. REKHA HALLIGAN; DR. ANTHONY MICHAEL LETIZIO; ALEXIS
SECARA; KURT SUESSER; JOHN STRAMAT; AMANDA HARTWELL; LUKE
VOGAN; GLORIA GIBBS,
all sued in their individual and official capacities
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:18-cv-00315)
Magistrate Judge:  Honorable Richard A. Lanzillo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 14, 2022
Before:  JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 4, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Mitchell Williams, an inmate at State Correctional Institution – Albion ("SCI Albion") proceeding pro se and in forma pauperis, appeals from the District Court's orders granting defendants' motions to dismiss and for summary judgment. For the reasons that follow, we will summarily affirm.

I.

In 2018, Williams filed a complaint under 42 U.S.C. § 1983 alleging Eighth Amendment violations relating to his health care, as well as related retaliation claims. Williams alleged that defendants, who were employed by the Department of Corrections ("DOC Defendants") or who provided medical services at SCI-Albion ("Medical Defendants"), provided inadequate medical care in response to his complaints of back pain, muscle spasms, and associated falls beginning in 2016. Williams alleged that various defendants failed to provide medications and medical tests that he requested, denied him the use of a wheelchair at various times, denied him access to a handicap cell, and failed to follow the recommendations of an outside neurologist. Williams further asserted that defendant Vogan "intentionally" burned Williams' back with a heating pad, and that other defendants either refused to treat the injury or provided inadequate care. Finally, Williams asserts that certain actions of the defendants, including denying him the use of a wheelchair, burning his back with a heating pad, not providing him with adequate assistance, and moving him into a regular cell from a handicap cell, were not done for medical reasons, but rather in retaliation for his medical complaints and grievances.

2

DOC defendants Clark, Ennis, Jones, Smock, Edwards, Varner, and Moore filed a motion to dismiss for failure to sate a claim. The court granted the motion without prejudice as to defendants Clark, Ennis, Jones, Varner, and Moore, and allowed Williams the opportunity to amend. When Williams failed to amend in the time allotted by the court, those defendants were dismissed with prejudice. Williams subsequently sought and was granted leave to file a supplemental complaint, which added new defendants and allegations, including a new allegation against Ennis. Thereafter, the DOC Defendants and the Medical Defendants filed separate motions for summary judgment. Finding that the record failed to support that any defendant acted with deliberate indifference to Williams' serious medical needs, and that Williams had failed to establish that any medical decision or action taken was retaliatory, the Court granted the motions for summary judgment. Williams filed a timely appeal.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a District Court's decision to grant a motion to dismiss. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). We also exercise plenary review over a grant of summary judgment, applying the same standard that the District Court applies. Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute

3

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

### III.

To succeed on an Eighth Amendment claim for inadequate medical care, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). Prison officials can "act deliberately indifferent to a prisoner's serious medical needs by 'intentionally denying or delaying access to medical care or interfering with the treatment once prescribed.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). However, "mere disagreement as to the proper medical treatment" is insufficient to support an Eighth Amendment claim. Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

We agree with the District Court's assessment that Williams failed to state an Eighth Amendment claim against defendants Clark, Ennis, Jones, Varner, and Moore. As the District Court noted, Williams either failed to allege any personal involvement on the part of these defendants or alleged only supervisory authority and/or participation in the grievance process. Such allegations are insufficient to establish the personal involvement necessary to state a claim of deliberate indifference. See Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

4

The District Court also properly granted summary judgment in favor of the remaining defendants because the record does not suggest that any defendant acted with deliberate indifference. Williams' medical records reflect that he received extensive medical care, including numerous x-rays, a variety of lab work, various body scans and neurological tests including MRI and CT scans, extensive physical therapy, and various medications for pain. Williams was provided with multiple outside consultations with neurologists and neurosurgeons, who reviewed his history and test results and assessed his condition. None of the outside specialists who saw and evaluated Williams recommended surgical intervention.

One outside specialist recommended a joint injection and, at the discretion of the prison physician, a prescription for the medication Gabapentin. Williams alleges that Defendant Hartwell, his attending doctor at SCI-Albion, was deliberately indifferent to his serious medical needs by failing to provide him with those recommended treatments. However, in an affidavit provided in support of summary judgment, Dr. Hartwell explained her reasons for not pursuing that course of treatment, including but not limited to Williams' complaints that a prior injection worsened his symptoms. We agree with the District Court's conclusion that Williams' allegations, at most, establish a "mere disagreement as to the proper medical treatment," and are insufficient to support an Eighth Amendment claim. Monmouth Cnty Corr. Inst. Inmates, 834 F.2d at 346.

Likewise, we agree with the District Court that the various removals of Williams' wheelchair were done for legitimate medical reasons and were not acts of deliberate

5

indifference.[1] See Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights."). We also agree that, even if Williams did sustain a burn to his back from a heating pad, the record does not support his allegation that Vogan intentionally inflicted the wound, or that it was sufficiently severe as to support an Eighth Amendment claim.

Williams has also failed to show a genuine dispute regarding his claims of retaliation. "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (internal quotation marks omitted) (quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)). As the District Court concluded, Williams' disagreement with legitimate exercises of medical judgment does not convert those decisions into adverse actions for purposes of his retaliation claims. Nor does the record suggest that any of those actions were taken in retaliation for Williams seeking medical care or filing grievances. Summary judgment in favor of the defendants was appropriate.

---

[1] The record reflects that Williams was provided with a walker in lieu of a wheelchair to encourage him to ambulate more and gain strength. Because handicap cells are reserved for wheelchair bound inmates, moving Williams to a regular cell did not violate his Eighth or First Amendment rights.

Accordingly, we will summarily affirm the District Court's judgment. In light of our disposition, Williams' motion for appointment of counsel is denied.